**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| ROGER JASKE, | ) |
|                         Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-126-JMS-WGH |
| DICK BROWN, | ) |
|                         Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Petitioner Roger Jaske is an Indiana prisoner. Jaske seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This statute provides that a federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Procedurally, the matter pends on respondent's motion to dismiss, to which Jaske has responded.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The procedural and substantive protections to which reference has been made are triggered when a prisoner suffers a sanction which results in "custody." *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

On March 1, 2013, Jaske was found guilty of possession of an electronic device in No. WVD-13-02-0073, WVE 13-02-0095, WVE 13-02-0097 and WVE 13-02-0100, and was sanctioned in each with a written reprimand, one month loss of phone privileges and three months of disciplinary segregation. That same day, Jaske was foud guilty of trafficking in WVE 13-02-0094 and was sanctioned with a written reprimand, one month loss of phone privileges and six months of disciplinary segregation.

The sanctions imposed in No. WVD-13-02-0073, WVE 13-02-0095, WVE 13-02-0097 and WVE 13-02-0100 and WVE 13-02-0094 were non-custodial and hence do not satisfy the "in custody" requirement of the federal habeas statute. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Jaske is mistaken in his belief that "…any time a prisoner is given disciplinary segregation, especially 18 months in a cruel 'control unit' such as the SCU, it is automatically classified as a grievous loss…" Jaske did not suffer a loss in time credit as a result of these proceedings. Absent such a consequence, the protections of *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985), and *Wolff v. McDonnell,* 418 U.S. 539, 564 (1974), are not triggered. This is because "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Indeed, when no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001); *see also Castaneda v. Henman*, 914 F.2d 981, 983 (7th Cir. 1990)(explaining that although a prisoner may not be deprived of a liberty interest without due process, sanctions that do not deprive an inmate of a liberty interest

are not subject to federal review), *cert. denied,* 498 U.S. 1124 (1991).). The respondent's motion to dismiss Jaske's petition for writ of habeas corpus [dkt. 9] is therefore **granted**.

## II.

Jaske's claims are not particularly complex and the petitioner has demonstrated his ability to express his claims in an understandable fashion. These are not circumstances showing that it is in the interest of justice to appoint counsel. Accordingly, his motion for appointment of counsel [dkt. 16] is **denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 11, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ROGER JASKE
1983
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only